# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEVELL MOORE,

    *Petitioner*,

vs.

LEGRAND, *et al.,*

    *Respondents.*

3:13-cv-00390-LRH-WGC

ORDER

    This habeas action comes before the Court for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules"). The filing fee has been paid.

    At the outset, petitioner did not use the Court's habeas petition form to state his claims as required by the local rules. Under Local Rule LSR 3-1, a habeas petitioner must use the Court's required petition form to state his claims. In the present case, petitioner used the petition form essentially as a cover document for an otherwise handwritten petition. Under both Grounds 1 and 2, he states "See Attached Petition Grounds," referring to a separate handwritten document setting forth several pages of legal argument on a number of claims. Petitioner instead must use the petition form – in its entirety – to state all of his claims – in their entirety – within the four corners of the petition form.

    The only claim actually presented in the petition form, Ground 3, fails to viably state a claim for relief. Petitioner alleges therein that he was denied a right to due process of law under the Fourteenth Amendment because counsel was not appointed in the state post-conviction proceedings to pursue ineffective-assistance claims, allegedly in violation of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). *Martinez*, however, quite clearly does not establish any such independently enforceable constitutional

right to counsel in state post-conviction proceedings. *See Martinez*, 132 S.Ct. at 1319. Moreover, alleged errors in state post-conviction proceedings are not cognizable on federal habeas review. *E.g., Franzen v. Brinkman*, 877 F.2d 26 (1989). There is a fundamental jurisdictional distinction between a federal court considering a collateral challenge to a state court judgment of conviction and the court instead considering a collateral challenge to other state court judgments. Congress has granted the federal district courts jurisdiction in 28 U.S.C. § 2254 to consider collateral challenges to state court judgments of conviction. There is no comparable provision providing those courts jurisdiction to consider collateral challenges to a state court judgment denying a state post-conviction petition. Under current law, *Martinez* provides a petitioner potentially with a cause-and-prejudice argument to overcome the procedural default of an ineffective-assistance claim. It does not provide an independently viable constitutional claim within the jurisdiction of the federal district courts based upon alleged error in the state post-conviction proceedings.

The Court accordingly will dismiss the petition without prejudice for failure to comply with the Court's local rules and for failure to state a claim upon which relief may be granted as to Ground 3. Petitioner will have thirty days to file an amended petition correcting the deficiencies in the original complaint, to the extent possible.

In preparing an amended petition, petitioner should note the following.

First, Instruction No. (C)(6) for the Court's required habeas petition form states, with the following emphasis: "YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CONSTITUTIONAL RIGHT PER GROUND." Petitioner therefore may not combine multiple constitutional violations in a single ground. Petitioner thus also may not combine claims of trial court error in the same ground with claims of ineffective assistance of counsel. If the same factual allegations support more than one ground, petitioner may incorporate facts from one ground in another ground. If petitioner again combines multiple violations within a single ground in an amended petition, the Court will disregard all alleged constitutional violations after the first constitutional violation alleged, for failure to comply with the instructions for the form and the Court's order. He must state one constitutional violation per ground, with a separate page from the form responding to the exhaustion inquiries for each ground separately.

1       Second, petitioner must present specific actual factual allegations stating a claim for relief.
2 Legal argument has no place in a pleading and such conclusory legal argument further states no claim
3 for relief.  Habeas pleading is not notice pleading, and a habeas petitioner must state the specific facts
4 that allegedly entitle him to habeas relief.  *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005).   Even
5 under a more liberal notice pleading standard, conclusory assertions that constitute merely formulaic
6 recitations of the elements of a cause of action and that are devoid of further factual enhancement do
7 not state a claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686 (2009).  Accordingly,
8 even under the more liberal notice pleading rules, the allegations of a pleading must "permit the court
9 to infer more than the mere possibility" that a constitutional violation has occurred. 556 U.S. at 679.
10 The stricter habeas pleading rules similarly require more than "mere conclusions of law, unsupported
11 by any facts."  *Mayle*, 545 U.S. at 655.  A habeas petitioner instead must "state facts that point to a real
12 possibility of constitutional error."  *Id.*  In short, petitioner needs to state facts, not law.

13       IT THEREFORE IS ORDERED that the Clerk of Court shall file the petition and accompanying
14 motion and that the petition is DISMISSED without prejudice for the reasons assigned herein, subject
15 to leave to amend within thirty (30) days of this order to correct deficiencies in the petition.

16       IT FURTHER IS ORDERED that petitioner shall clearly title any amended petition filed in
17 response to this order as an amended petition by placing the word "AMENDED" immediately above
18 "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number,
19 **3:13-cv-00390-LRH-WGC**, above the word "AMENDED." Under Local Rule LR 15-1, the amended
20 petition must be complete in itself without reference to previously filed papers.  Thus, the claims and
21 allegations that are stated in the amended petition will be the only matters remaining before the Court.
22 Any claims or allegations that are not re-alleged therein no longer will be before the Court.

23       If plaintiff does not timely mail an amended complaint to the Clerk for filing, a final judgment
24 dismissing this action will be entered without further advance notice.  If the amended petition does not
25 correct the deficiencies identified in this order and otherwise does not state a claim upon which relief
26 may be granted, a final judgment dismissing this action will be entered.  Moreover, if petitioner again
27 combines multiple constitutional claims in a single ground, all constitutional claims after the first claim
28 alleged in the ground will be disregarded.

1 | The Clerk of Court shall SEND petitioner two copies of a noncapital § 2254 petition form
2 | together with one copy of the instructions for same along with a copy of the petition that he submitted.[1]
3 | DATED this 23rd day of May, 2014.

```
                                    _____
                                    LARRY R. HICKS
                                    UNITED STATES DISTRICT JUDGE
```

---

[1] The Court is holding petitioner's motion for appointment of counsel under submission pending further review. The Court does not find that the interests of justice require the appointment of counsel in the interim.