UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DEVELL MOORE,

    Petitioner,

v.

LEGRAND, et al.,

    Respondents.

Case No. 3:13-cv-00390-LRH-WGC

ORDER

This counseled habeas matter under 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss petitioner Devell Moore's third-amended petition (ECF No. 33). Moore opposed (ECF No. 35), and respondents replied (ECF No. 37).

**I.    Procedural History and Background**

On November 5, 2009, a jury found Moore guilty of counts 1-3: sexual assault of a minor under age 14; and count 5: lewdness with a child under age 14 (exhibit 13).[1] The state district court sentenced him as follows: counts 1-3 – three consecutive terms of life with the possibility of parole after 35 years; count 5 – life with the possibility of parole after 10 years, to run concurrently with counts 1-3. Exh. 14. Judgment of conviction was entered on February 3, 2010. Exh. 15.

The Nevada Supreme Court affirmed Moore's convictions on June 8, 2011, and remittitur issued on July 5, 2011. Exhs. 21, 22.

///

---

[1] The exhibits referenced in this order are petitioner's exhibits and are found at ECF Nos. 19-21, 36.

1

On May 14, 2013, the Nevada Supreme Court affirmed the denial of Moore's state postconviction petition. Exh. 27. That court denied a motion for rehearing on July 9, 2013, and remittitur issued on August 5, 2013. Exhs. 29, 31.

On July 19, 2013, Moore dispatched his federal habeas petition for filing (ECF No. 6). Ultimately, this court appointed the Federal Public Defender as counsel for Moore. Respondents now argue that claims in the third-amended petition do not relate back to any timely-filed earlier petition and that some claims are unexhausted (ECF No. 33).

## II.   Legal Standards & Analysis

### a.   Relation Back

Respondents argue that grounds 1 and 2 of the third-amended petition do not relate back to a timely-filed petition and should thus be dismissed as untimely (ECF No. 33, pp. 5-6). A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655–64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts

2

as those initially alleged" will relate back and be timely.  545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Here, Moore dispatched his federal habeas petition for filing on July 19, 2013 (ECF No. 7, p. 1).  The parties do not dispute that the AEDPA one-year statute of limitations expired on February 4, 2014.

Thereafter, this court dismissed Moore's petition without prejudice and with leave to file an amended petition within thirty days (ECF No. 6).  Moore complied with this court's order and filed an amended petition on June 3, 2014 (ECF No. 9).  Contemporaneously, Moore filed a motion for appointment of counsel as well as the affidavit of another inmate, Anthony Thomas (ECF Nos. 8, 10).  Thomas attested that he had prepared the amended habeas petition and the affidavit (ECF No. 10).  He stated that Moore suffers from "prevalent" mental health defects and cannot read and write sufficiently to proceed in *pro se*.  *Id*.  This court granted the motion for appointment of counsel, and Moore filed a counseled second and now a third-amended petition.  The claims in the third-amended petition must relate back to Moore's original *pro se* petition in order to be deemed timely.

**Ground 1**

In the third-amended petition, Moore claims the trial court erred in denying his request to exclude his taped confession because he failed to explicitly waive his *Miranda* rights and the circumstances of the in-custody interview overall rendered his statement involuntary in violation of his Fifth and Fourteenth Amendment rights (ECF No. 32, pp. 12-14; *Miranda v. Arizona*, 384 U.S. 436 (1979)).  Moore contends that, while he was read his *Miranda* rights and acknowledged he understood the rights during the custodial interrogation, he never affirmatively waived them.  He also argues that his statements were not voluntary but were induced by his recent arrest and his unstable mental state.

///

In Moore's *pro se* petition, he alleged that his counsel was ineffective for failing to challenge the voluntariness and admissibility of his confession because during Moore's interrogation he told the detective several times that he had diminished mental capacity and illness (ECF No. 7, p. 12-13). He also attached the Nevada Supreme Court's order affirming his convictions, in which that court addresses Moore's claim that the trial court erred by denying his motion to suppress the confession because it was involuntary under *Miranda* (ECF No. 7, p. 20).

Respondents acknowledge that the legal theory—*Miranda* violations--underlying the claims is essentially the same (ECF No. 33, p. 6; *see also Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013)). This court determines that the core of operative facts – that Moore's confession was involuntary because of his mental state – also is essentially the same in the *pro se* petition and counseled third-amended petition. Accordingly, ground 1 of the third-amended petition relates back and is timely.

**Ground 2**

Moore argues that the trial court allowed the prosecution to use its peremptory challenges to exclude two members of a protected minority class from serving on the jury in violation of Moore's Fourteenth Amendment equal protection and fair trial rights under *Batson v. Kentucky*, 476 U.S. 79 (1986) (ECF No. 32, pp. 14-16).

Moore did not raise this claim in either of his *pro se* federal petitions. However, he did attach (to both petitions) the Nevada Supreme Court order affirming his convictions. In that order, the state supreme court addressed the merits of Moore's *Batson* claim (*see* ECF No. 7, pp. 20-21). The court notes that Moore also stated in ground 8 of his amended *pro se* petition that he raised multiple other constitutional violations in his direct appeal and state postconviction petition (ECF No. 9, p. 20). Following what Moore labeled as ground 8, he attached the order affirming his convictions, which addressed the *Batson* claim.

///

Based on Moore's *pro se* original and amended petition, his subsequent motion for appointment of counsel, and inmate Thomas's affidavit in support of the motion for appointment of counsel, this court ultimately determined that Moore appeared unable to represent himself and appointed counsel in order to ensure due process.

This court determines that, especially in light of the procedural history of this case and the court's ultimate appointment of counsel, Moore's attempted *pro se* petition is fairly viewed as incorporating the claims in the attached Nevada Supreme Court affirmance of his convictions. Accordingly, ground 2 of the third-amended petition relates back and is timely.

### b. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the

prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**Ground 3**

In the third-amended petition, Moore contends that his counsel rendered ineffective assistance in violation of his Sixth and Fourteenth Amendment rights when counsel failed to request a competency evaluation after Moore rejected the plea deal (ECF No. 32, pp. 17-19). Respondents argue that ground 3 is unexhausted.

In his *pro se* state postconviction petition, Moore argued that his counsel was ineffective in violation of his Sixth Amendment rights for failing to request a pretrial competency evaluation. Exh. 23, p. 7. After the state district court denied the petition,

Moore filed a *pro se* notice of appeal, and the Nevada Supreme Court issued an order allowing the appeal to proceed and directing the transmission of the complete record for its review under NRAP 10(a)(1).  Exhs. 25, 26.  The Nevada Supreme Court addressed the merits of the failure to request a competency evaluation in its order affirming the denial of the petition.  Exh. 27, p. 4.

Subsequent to the Nevada Supreme Court order of affirmance, Moore filed a petition for rehearing, alleging that he had intended to supplement his ineffective assistance of counsel claim but had filed his motion to supplement in the wrong case.  Exh. 30.  The Nevada Supreme Court denied the petition for rehearing without comment.  Exh. 29. Respondents argue that Moore's unsuccessful attempt to supplement the claims he raised to the Nevada Supreme Court rendered the claims that the state supreme court had already considered in its order of affirmance unexhausted.  This court disagrees; the Nevada Supreme Court summarily denied Moore's petition for rehearing, and Moore's attempt to supplement had no effect on federal ground 3, which was already exhausted.  Moreover, as the court reads the proffered supplement, the supplement includes the claims set forth in federal ground 3 and seeks to add more ineffective assistance claims.  Exh. 30, p. 19.

This court concludes that federal ground 3 is exhausted.

**III.    Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to extend time to file the third-amended petition and motion to extend time to file the opposition to the motion to dismiss (ECF Nos. 30 and 34) are both **GRANTED** *nunc pro tunc.*

///

///

///

7

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** to file an answer to the third-amended petition.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** after the date of service of the answer in which to file the reply in support of the petition.

DATED this 30th day of January, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE